UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:07cv543-RJC

| JEFFREY SHEMBO, | ) | |
|---|---|---|
| | ) | |
| Plaintiff, | ) | |
| | ) | **ORDER** |
| v. | ) | |
| | ) | |
| DANIEL E. BAILEY, JR., ANTHONY | ) | |
| GARRETT, PEERLESS INSURANCE | ) | |
| CO., & PRISON HEALTH SERVICES, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

This matter is before the Court on defendants' motions for summary judgment (Doc. Nos. 6, 11). Plaintiff filed a response to the motions (Doc. No. 18), defendants filed replies (Doc. Nos. 24, 25), and plaintiff filed a surreply (Doc. No. 28), which are now before the Court. For the reasons stated below, the Court **GRANTS** defendants' motions for summary judgment.

## I.  BACKGROUND

Plaintiff brought a civil rights action under 42 U.S.C. § 1983, along with supplemental state claims, arising from an alleged battery that occurred on December 24, 2004, while plaintiff was a pretrial detainee at the Mecklenburg County Jail North ("Jail North"). Plaintiff alleges that he was punched by defendant Anthony Garrett, a detention officer at the Mecklenburg County Sheriff's Office. Garrett's punch caused plaintiff to suffer serious eye injuries and broken bones in plaintiff's face. After suffering these injuries, plaintiff requested medical attention that was denied. (Doc. No. 1 at 6-10).

On January 28, 2004, plaintiff was taken to Mecklenburg County Jail Central to attend court. Plaintiff telephoned his mother, a registered nurse. Due to the efforts of his mother,

plaintiff was taken to Carolinas Medical Center, where he underwent several surgical procedures on December 30, 2004 and February 22, 2005. (Doc. No. 1 at 11-12).

On March 17, 2005, plaintiff was sentenced to a term of 125-159 months in the North Carolina Department of Corrections ("NCDOC"). (Doc. No. 6, Ex. 1 at 2). Plaintiff filed this suit on December 24, 2007. Named defendants include deputy Garrett in his official capacity; Sheriff of Mecklenburg County, Daniel Bailey in his official capacity; Peerless Insurance Company, the Sheriff's surety; and Prison Health Services, the medical provider at Jail North.

## II. STANDARD OF REVIEW

Summary judgment shall be granted "if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). A genuine issue of material fact exists only if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986).

The movant has the "initial responsibility of informing the district court of the basis for its motion, and identifying those portions of 'the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any' which it believes demonstrate the absence of a genuine issue of material fact." Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986) (quoting Fed. R. Civ. P. 56(c)). Once this initial burden is met, "the burden shifts to the nonmoving party to show that there are genuine issues of material fact." Emmett v. Johnson, 532 F.3d 291, 297 (4th Cir. 2008). The party opposing a motion for summary judgment may not rest upon mere allegations or denials in his pleadings, but "must come forward with 'specific facts showing that there is a genuine issue for trial.'" Matsushita Elec. Indus. Co. v.

2

Zenith Radio Corp., 475 U.S. 574, 587 (1986) (quoting Fed. R. Civ. P. 56(e)) (emphasis in original); see Anderson, 477 U.S. at 252 (explaining that a "mere existence of a scintilla of evidence" is insufficient to overcome summary judgment). "[T]he non-moving party must present sufficient evidence such that 'reasonable jurors could find by a preponderance of the evidence' for the non-movant." Sylvia Dev. Corp. v. Calvert County, 48 F.3d 810, 818 (4th Cir. 1995) (quoting Anderson, 477 U.S. at 252). When ruling on a summary judgment motion, a court must view the evidence and any inferences from the evidence in a light most favorable to the non-moving party. Matsushita, 475 U.S. at 587.

### III. DISCUSSION

In the motions for summary judgment, defendants claim that plaintiff failed to exhaust his administrative remedies before filing this lawsuit. (Doc. Nos. 6 at 1; 11 at 1). Plaintiff asserts that he is not required to exhaust administrative remedies because he is not considered a "prisoner" under the Prisoner Litigation Reform Act ("PLRA"). Plaintiff argues that he is not a "prisoner" under the PLRA for two reasons: (1) plaintiff was not incarcerated when he filed his complaint (Doc. No. 18 at 3); and (2) plaintiff was represented by counsel when he filed his complaint (Doc. No. 28 at 1).

#### A. Whether plaintiff is considered a prisoner under the PLRA

The PLRA requires that a "prisoner" exhaust administrative remedies before filing any action under federal law with respect to confinement. 42 U.S.C. § 1997e(a); see Anderson v. XYZ Corr. Health Servs. Inc., 407 F.3d 674, 677 (4th Cir. 2005) (explaining that the exhaustion requirement is mandatory). The PLRA defines "prisoner" as "any person incarcerated or detained in any facility who is accused of, convicted of, sentenced for, or adjudicated delinquent

for, violations of criminal law or the terms and conditions of parole, probation, pretrial release, or diversionary program." 42 U.S.C. § 1997e(h). "[I]t is the plaintiff's status at the time he filed the lawsuit that is determinative as to whether the § 1997e(a)'s exhaustion requirement applies." Cofield v. Bowser, 247 Fed. App'x 413, 414 (4th Cir. 2007) (unpublished); see Norton v. City of Marietta, 432 F.3d 1145, 1150 (10th Cir. 2005) (citing six circuits that have "unanimously held that it is the plaintiff's status at the time he files suit that determines whether § 1997e(a) exhaustion requirement applies").

### 1. Plaintiff was not incarcerated in the Mecklenburg County Jail when he filed this lawsuit.

Plaintiff argues that he is not considered a "prisoner" under the PLRA because he was no longer incarcerated at Jail North when he filed his complaint. (Doc. No. 18 at 3). An inmate who has been released from custody is no longer "incarcerated or detained" as defined in § 1997e(h) and, therefore, does not qualify as a prisoner subject to the exhaustion requirement of the PLRA. See e.g., Cofield,, 247 Fed. App'x at 414 ("Because [the plaintiff] was not a prisoner when he filed his complaint, the PLRA exhaustion requirement is not applicable to his § 1983 action."); Nerness v. Johnson, 401 F.3d 874, 876 (8th Cir. 2005) ("First, [plaintiff] was not subject to the PLRA's exhaustion requirement because he was not a prisoner or otherwise incarcerated when he filed his complaint."); Norton, 432 F.3d at 1150 ("[P]laintiff, who was not a prisoner confined in a jail, prison, or other correctional facility when he brought suit, did not have to exhaust his administrative remedies first."); Ahmed v. Dragovich, 297 F.3d 201, 210 n.10 (3d Cir. 2002) ("We note that every court of appeals to have considered the issue has held that the PLRA does not apply to actions filed by former prisoners."). Alternatively, an inmate who is transferred to a

4

different facility before filing his lawsuit still qualifies as a "prisoner," and, therefore, is subject to the exhaustion requirement of the PLRA. Medina-Claudio v. Rodriguez-Mateo, 292 F.3d 31, 35 (1st Cir. 2002) ("The fact that [plaintiff] happened to be a prisoner in various locations, and under the custody of different officials, does not affect his obligation to exhaust his administrative remedies before filing suit."); see also Turrietta v. Barreras, No. 02-2343, 2004 U.S. App. LEXIS 1796, at *5 (10th Cir. Feb. 5, 2004) (unpublished) (finding that being moved from jail to jail and kept in solitary confinement until the time for filing a grievance had passed did not demonstrate that plaintiff was prevented from filing a grievance and, thus, did not excuse the PLRA exhaustion requirement); Berry v. Kerik, 366 F.3d 85, 87 (2d Cir. 2003) (holding that the PLRA exhaustion requirement applied to a plaintiff who was incarcerated, released, and reincarcerated in the custody of the agency against which he filed the grievances).

Here, plaintiff claims that the alleged battery occurred on December 24, 2004, while plaintiff was a pretrial detainee in Jail North. (Doc. No. 1 at 7). On March 30, 2005, plaintiff was released from the custody of Mecklenburg County (Doc. No. 18-2 at 3) and transferred into custody at the NCDOC for incarceration until his release date in 2028 (Doc. No. 24-2 at 3-5). On December 24, 2007, plaintiff filed the instant lawsuit while in the custody of NCDOC. Thus, plaintiff was "incarcerated" for the purpose of the PLRA's exhaustion requirement.

Moreover, no evidence suggests that his administrative remedies were unavailable to plaintiff during the three months before his transfer or at any point after he was transferred to the NCDOC. But see Bradley v. Washington, 441 F. Supp. 2d 97, 103 (D.D.C. 2006) (holding that the prisoner's transfer from a state facility to a federal facility appeared to have rendered unavailable administrative remedies for two of his claims).

## 2. Plaintiff was represented by counsel when he filed this lawsuit

Plaintiff also argues that he is not considered a "prisoner" because he was represented by counsel when he filed his lawsuit. (Doc. No. 28 at 1). Plaintiff supports his claim with two arguments. First, plaintiff contends that the purpose of the exhaustion requirement of the PLRA is to prevent frivolous lawsuits filed by pro se prisoners. See Para-Professional Law Clinic at SCI-Graterford v. Beard, 334 F.3d 301, 303 (3d Cir. 2003) as quoted in Anderson, 407 F.3d at 676 ("Congress enacted the PLRA in an apparent effort . . . to discourage prisoners from filing frivolous lawsuits which strain the judiciary's scarce resources."). Second, plaintiff refers to the text of the PLRA and states that "the exhaustion requirement applies to actions 'brought . . . by a prisoner,' not to actions brought on behalf of a prisoner by a licensed attorney." (Doc. No. 28 at 2).

The PLRA defines "prisoner" without including a requirement that a "prisoner" be pro se. See 42 U.S.C. § 1997e(h). Moreover, the purpose of the exhaustion requirement is not limited to merely protecting against frivolous lawsuits filed by pro se prisoners. As the Supreme Court explained, the exhaustion requirement "affor[ds] correction officials time and opportunity to address complaints internally before allowing the initiation of a federal case," and it "reduce[s] the quantity and improve[s] the quality of prisoner suits." Woodford v. Ngo, 548 U.S. 81, 93-94 (2006) (internal quotation marks omitted); see Steele v. N.Y. State Dept. of Corr. Servs., No. 99-6111, 2000 U.S. Dist. LEXIS 9548, at *2 (S.D.N.Y. June 19, 2000) (holding that an inmate represented by counsel is required to exhaust his administrative remedies).

Plaintiff was incarcerated at the NCDOC after being convicted for violations of criminal law. Therefore, the Court finds that plaintiff meets the requirements of the PLRA's definition of

a "prisoner."

### B. Whether plaintiff exhausted his administrative remedies

Since plaintiff satisfied the PLRA's definition of a "prisoner," plaintiff was required to exhaust his administrative remedies by complying with Mecklenburg County Jail's grievance procedure. Jones v. Bock, 549 U.S. 199, 127 S. Ct. 910, 922-23 (2007) ("Compliance with prison grievance procedures, therefore, is all that is required by the PLRA to 'properly exhaust.'"). Failure to exhaust available administrative remedies is an affirmative defense and must be plead and proven by the defendant. Jones, 127 S. Ct. at 921; Anderson, 407 F.3d at 683.

The Mecklenburg County Sheriff's Office had a formal written policy concerning inmate grievances at the time of the alleged battery. The grievance policy provides inmates with a procedure "for resolving inmate grievances for alleged violation of policy, Civil, Constitutional/statutory rights; an alleged criminal or prohibited act by a staff member." (Doc. No. 6-3 at 5). An inmate who has a grievance may inform his Pod Supervisor about the grievance. If the Pod Supervisor is unable to resolve the issue, the inmate will be given a grievance form. The Floor Sergeant reviews the grievance for completeness and forwards the grievance to the Grievance Coordinator. The Grievance Coordinator responds to the grievance and sends a written copy to the inmate. An inmate may appeal the grievance process by completing another grievance within seventy-two hours. (Doc. No. 6-3 at 2-7).

It appears that plaintiff has not availed himself of the administrative remedy procedure of the Mecklenburg County Sheriff's Office. Accordingly, defendant has proven the affirmative defense of the failure to exhaust. Therefore, the PLRA mandates dismissal of plaintiff's § 1983 claims.

## C. Whether the Court should dismiss plaintiff's state law claims

Plaintiff also pleaded several state law claims. Federal courts have supplemental jurisdiction over such claims if they are "so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III." 28 U.S.C. § 1367(a). Nonetheless, a district court may decline to exercise supplemental jurisdiction when "the district court has dismissed all claims over which it has original jurisdiction." Id. § 1367(c). In light of the Court's dismissal of the § 1983 claims, the Court declines to exercise supplemental jurisdiction over plaintiff's remaining state law claims.

## IV. CONCLUSION

Plaintiff is considered a "prisoner" under the PLRA even though he was transferred to a different facility and was represented by counsel. Additionally, Plaintiff failed to exhaust his administrative remedies.

**THEREFORE, IT IS HEREBY ORDERED** that:

1. Defendants Bailey, Garrett and Peerless Insurance Company's Motion for Summary Judgment (Doc. No. 6) is **GRANTED**;

2. Defendant Prison Health Services' Motion for Summary Judgment (Doc. No. 11) is **GRANTED**; and

3. Plaintiff's Complaint is **DISMISSED WITHOUT PREJUDICE** as to the state and federal claims.[1]

---

[1] The Court notes that dismissing plaintiff's § 1983 claims without prejudice may actually operate as a dismissal with prejudice for some of the § 1983 claims that are now barred by the applicable statute of limitations. See Clifford v. Gibbs, 298 F.3d 328, 333 (5th Cir. 2002) ("[T]he district court's dismissal of [plaintiff's] claims *without* prejudice actually operates as a dismissal *with* prejudice because [plaintiff] is barred from returning to federal court after exhausting his remedies because limitations has already run."). The Court refrains from deciding

Signed: January 20, 2009

Robert J. Conrad, Jr.
Chief United States District Judge

---

which § 1983 claims are time-barred.